✓ Priority
✓ Send
___ Clsd
✓ Enter
✓ JS-5/JS-6
___ JS-2/JS-3

FILED
CLERK, U.S DISTRICT COURT
JUN - 7 2005
CENTRAL DISTRICT OF CALIFORNIA
BY D#  DEPUTY

ENTERED
CLERK, U.S DISTRICT COURT
JUN - 8 2005
CENTRAL DISTRICT OF CALIFORNIA
BY  DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALDRED DARYL CLEVELAND,<br><br>    Plaintiff,<br><br>    v.<br><br>CURRENCY CORPORATION, et al.,<br><br>    Defendants. | CV 05-3093 ABC (AJWx)<br><br>ORDER REMANDING CASE TO STATE COURT<br><br>BC 328263<br><br>THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d). |

The Court took the above-referenced matter under submission on May 27, 2005. After consideration of the materials submitted by the parties and the case file, the Court hereby REMANDS the action to state court.

### I.  PROCEDURAL HISTORY

On February 3, 2005, Plaintiff filed a complaint in Los Angeles County Superior Court against Currency Corporation ("Currency"), Parviz Omidvar ("Omidvar"), Behnam R. Heshejin, CPA, Inc., Behnam R.

Heshejin (collectively, "Defendants"), and EMI Music Publishing ("EMI"). Plaintiff's complaint contains causes of action for violation of the Racketeer Influenced and Corrupt Organization Act ("RICO") and numerous state law claims including fraud, breach of contract, breach of fiduciary duty, civil conspiracy, and unfair competition.

On April 27, 2005, Currency and Omidvar removed the action to this Court, alleging both diversity and federal jurisdiction. See Notice of Removal ¶¶ 3, 8. On April 29, 2005, the Court issued an Order to Show Cause ("OSC") why this case should not be remanded to state court for lack of jurisdiction. On May 2, 2005, Defendants filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). On May 10, 2005, Currency and Omidvar filed a response to the Court's OSC. On May 18, 2005, Plaintiff filed a reply requesting remand of the case and a First Amended Complaint, thereby rendering Defendants' motions to dismiss moot. On May 19, 2005, the Court issued a further OSC regarding subject matter jurisdiction. Plaintiff filed a response to the second OSC on May 27, 2005, to which Defendants filed a reply on May 31, 2005. On May 26, 2005, Defendants filed motions to dismiss Plaintiff's FAC.[1]

## II. LEGAL STANDARD

Generally, a state civil action is removable to federal court only if it might have been brought originally in federal court. See 28 U.S.C. § 1441. This "original jurisdiction" may be based either on

---

[1] Given the Court's decision to remand the case, the Court hereby VACATES the June 20, 2005 hearing date on Defendants' motions to dismiss Plaintiff's FAC and leaves those issues for the state court to decide.

2

diversity of the parties, or on the presence of a federal question in the state court complaint. See 28 U.S.C. §§ 1331, 1332. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction because of improvident removal, the case shall be remanded to state court. See 28 U.S.C. § 1447(c); Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979). On removal, the removing defendant bears the burden of proving the existence of jurisdictional facts. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). There is also a "'strong presumption'" against removal jurisdiction. Id. (citation omitted). Courts must "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id.

### III. DISCUSSION

Plaintiff argues that there is no basis for federal subject matter jurisdiction based on Plaintiff's dismissal of defendant EMI from the case and the RICO cause of action. Defendants argue that because federal question jurisdiction existed at the time of removal, the case should not be remanded. The Court finds that Plaintiff's remaining state law claims are best adjudicated in state court and therefore REMANDS the case.

While Defendants properly removed the case based on the federal question presented by Plaintiff's RICO claim, Plaintiff has now dismissed the RICO claim and brings only state law causes of action in the FAC. Upon the elimination of federal claims, district courts have discretion to either retain jurisdiction to adjudicate the remaining state law claims or to remand them to state court in order to serve the principles of "economy, convenience, fairness, and comity."

Carnegie-Mellon University, et al. v. Cohill, 484 U.S. 343, 357 (1988); Smith v. Lenches, 263 F.3d 972, 977 (C.D. Cal. 2001). Here, the Court finds that the interests of economy, convenience, and fairness are best served by remand of the case to state court, which has more familiarity and interest in the state law claims alleged by Plaintiff.[2]

Further, the Court notes that Defendants did not have the right to remove the case based on diversity jurisdiction at the time of removal, as all of the Defendants are California citizens and thus, "local" residents. See 28 U.S.C. § 1441(b). Accordingly, only EMI, as a non-local defendant, could have removed the action to federal court based on diversity jurisdiction. Defendant argues that the Court should retain the case despite Defendants' improper removal based on diversity. However, there is no statutory authority requiring the Court to exercise jurisdiction over the remaining state law claims. Moreover, the purpose of diversity jurisdiction does not apply. "The obvious and elementary policy behind diversity jurisdiction is that an out of state defendant should be entitled to a federal forum if he decides that he cannot receive a fair trial in a state court due to local prejudice." Asher v. Pacific Power & Light Co., 249 F. Supp. 671, 674 (N.D. Cal. 1965). Here, however, the out-of-state litigant, Plaintiff, has opted for the foreign forum.

---

[2] The Court rejects Defendants' argument that Plaintiff's request for remand should be denied to discourage forum shopping and notes that both Plaintiff and Defendants in this case seek a particular forum in seeking remand or removal. See Smith, 263 F.3d at 978 ("If there is any forum shopping to be considered here, it cannot be said that one side is at fault more than the other, for neither can be faulted for seeking to litigate issues in the forum of its choice.").

4

Defendants are local and need not escape local bias.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby REMANDS this action to the Los Angeles County Superior Court. With entry of the remand order, this action is DISMISSED.

DATED: _June 7, 2005_

_____
**AUDREY B. COLLINS**
**UNITED STATES DISTRICT JUDGE**